CaRütheRS, J.,
delivered the opinion of the Court.
The road of the plaintiff passed over the land of the defendant, who, by a proceeding nnder the 24th section of the act of 1845, recovered damages ($770) for the appropriation of fifteen acres of his land for the bed of the road, and one hundred feet on each side from the centre. These damages have been paid, but the defendant still continued to live upon or hold possession of a portion of the land within the one hundred feet, and insists he has a right to do so provided he does not interfere with the free use of it by the plaintiff for the purposes of the road. To settle this question this action of ejectment was brought, and, by agreement of the counsel upon the facts, was submitted to the judgment of the Circuit Court, where the decision was, that by the proceeding for damages or compensation under the act of 1845, and the payment of the same, the two hundred feet of land, making in all fifteen acres, became the property of the plaintiff by title in fee simple, and for an ouster ejectment would lie.
The section of the act referred to, which is the charter of the plaintiff, after prescribing the mode of proceeding for damages, says “ that the lands or right of way so valued by the commissioners shall vest in the said Company in fee simple.” By the 21st section of Article 1 of our State Constitution, a man’s property may be taken for the public use by making “just compensation” to him for the same. This land was so taken, and the compensation has been paid. After this, where is the right to the land *530 so valued and paid for ? Certain ly in the plaintiff exclusively, and not jointly -with the original owner. If this he so, an action of ejectment will lie for the recovery of possession. It is no answer to this claim that the whole quantity taken is not needed for the purposes and use of the railroad. All the land in the prescribed limits passes in fee simple to the corporation, and cannot be invaded by any one. The original owner has received the value, and has no further claim or right. He is as perfectly divested of his property as if he had voluntarily sold and deeded it to another. Whether a right of reversion would exist in case the railroad should be discontinued, removed, or abandoned, and upon what terms, if at all, is a question which need not now be considered, as that could have no effect upon the right of the plaintiff to the exclusive use of the land until that event happen, if it ever should. Whether the commissioners or jury in the assessment of damages gave the full value of the land, or only estimated the value of the right of way, might possibly have something to do with that question. But it is most likely that in all cases the land taken is put at its full value, and that the title in fee passes unconditionally as in case of voluntary sales. But this point need not now be finally decided, and is left open. At all events, it is clear that the right to the exclusive possession and use of the whole quantity assigned, as well as the part covered by the bed of the road, passed to the corporation by virtue of the proceedings fof the recovery of damages and the operation of law; and for any disturbance of that right, the appropriate legal remedies may be successfully resorted to as in other cases.
The judgment of the Circuit Court is therefore affirmed.